UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRED BRISCO, :
: 
Plaintiff, :
:
v. : CASE No. 8:05-CV-1170-T-TGW
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security, :
:
Defendant. :
:

ORDER

This cause came on for consideration upon the plaintiff's Petition for Attorney Fees (Doc. 19) filed by counsel for the plaintiff on April 3, 2009. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $743.75 in fees and $250.00 in costs to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security

income payments. By order of this court dated September 12, 2005, this matter was reversed and remanded to the Social Security Administration for further administration pursuant to sentence six of 42 U.S.C. 405(g)(Doc. 15). Upon remand, the administrative law judge found favorably for the plaintiff (see Doc. 16). Judgment was therefore entered in favor of the plaintiff (Doc. 18). Plaintiff's counsel then filed this application for an attorney's fee under the EAJA (Doc. 19).[1]

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $743.75 (Doc. 19). This amount represents 5.95 hours of service before the court in 2005 and 2009 at an hourly rate of $125.00 (id., p. 2).[2] The plaintiff has certified that the defendant has no objection to this payment (id., ¶8).

---

[1] It is noted that the plaintiff's application for an attorney's fee was filed more than thirty days after judgment was entered. See 28 U.S.C. 2412(d)(1)(B). However, there was no response filed by the Commissioner filed in this case. Consequently, no argument was made that the application was untimely.

[2] The plaintiff has not sought a different rate for work performed in 2009.

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 5.95 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the defendant has not challenged the requested hourly rate of $125.00. Moreover, the rate of $125.00 per hour is the rate that has typically been applied in these cases, and is expressly authorized by 28 U.S.C. 2412(d)(2)(A)(ii)(Supp. 2002).

Finally, it is requested that the attorney's fee be paid directly to plaintiff's counsel (Doc. 19, p. 1). In Reeves v. Barnhart, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to his counsel (Doc. 19-3). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (see Doc. 19). Therefore, by virtue of the fee assignment and the defendant's lack

of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, the plaintiff's Petition for Attorney Fees (Doc. 19) is hereby **GRANTED**. The plaintiff is hereby awarded the amount of **$743.75** in attorney's fees and **$250.00** in costs to be paid to the plaintiff's counsel by the defendant pursuant to 28 U.S.C. 2412(a)(1), (c)(1), (d)(1)(A), (B).

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 21st day of April, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE